PER CURIAM.

ORDER

The Acting Secretary of Veterans Affairs moves to dismiss Leonila Sandoval’s appeal as untimely. We treat Sandoval’s “motion for reconsideration” as an opposition to the Secretary’s motion.
The certified list of docket entries of the United States Court of Appeals for Veterans Claims reflects that the judgment affirming the decision of the Board of Veterans’ Appeals was entered on May 3, 2007. Sandoval v. DVA, No. 05-0430. The list further reflects that Sandoval filed her notice of appeal on August 15, 2007, more than 60 days later. See 38 U.S.C. § 7292(a); Fed. R.App. P. 4(a)(1) (notice of appeal must be filed within 60 days of entry of judgment).
The time limit for filing a notice of appeal is jurisdictional. See Bowles v. Russell 551 U.S. -, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) (timely filing of notice of appeal in civil case is jurisdictional requirement); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (“It is well settled that the requirement of a timely notice of appeal is ‘mandatory and jurisdictional.’ ” (citation omitted)). Thus, Sandoval’s failure to file timely a notice of appeal may not be waived. See Oja v. Army, 405 F.3d 1349, 1358 (Fed.Cir.2005) (time provisions of Fed. R.App. P. 4(a) are not subject to equitable tolling). Because Sandoval’s appeal was filed on August 15, 2007, 104 days after entry of judgment, it is untimely and must be dismissed.
Accordingly,
IT IS ORDERED THAT:
(1) The motion is granted.
(2) Each side shall bear its own costs.
(3) The revised official caption is reflected above.